## BENEVIDES v. LUCIO. (No. 1158—5127.)

Commission of Appeals of Texas, Section A.
Feb. 6, 1929.

Frank R. Graves, of Fort Worth, for plaintiff in error.

M. L. Munday, of Fort Worth, for defendant in error.

HARVEY, P. J. This is a suit of forcible entry and detainer, brought in the justice court, at Fort Worth, by the defendant in error, Concepcion Lucio, a feme sole, against Eutimio R. Benevides, the plaintiff in error. From a judgment of guilty rendered by that court against Benevides, the latter appealed to the county court at law of Tarrant county. The case was tried to a jury, and a verdict of guilty was returned against Benevides; and judgment was entered accordingly. The Court of Civil Appeals has affirmed such judgment.

The material facts are uncontroverted. They are as follows: The property involved is a town lot in Fort Worth. A dwelling house and garage stand on the lot. The lot is fenced. On July 7, 1925, the sheriff of Tarrant county executed a deed to the defendant in error, purporting to convey to her the right, title, and interest of Benevides in the lot. This deed purports to have been executed in pursuance of a sale made by the sheriff under a certain writ of execution issued against Benevides out of a county court of law of Tarrant county, and levied on said lot. Shortly after receiving this deed from the sheriff, the defendant in error went upon the premises and took possession thereof. The plaintiff in error was absent from the state at the time, but his household furniture and effects were locked up in the dwelling house on the lot, and he claimed dominion and control of the premises. No one was actually occupying the premises, in person, at the time the defendant in error took possession. The latter, upon taking possession, removed the plaintiff in error's household furniture and effects from the dwelling house, and placed them in the garage. She thereupon proceeded to repair the fence and to make substantial repairs on the dwelling house. After making these repairs, she rented out the dwelling house for several months. She paid the 1925 taxes on the place. Prior to his departure from the state, Benevides had lived on said premises. When he first learned that the defendant in error had taken possession thereof, he was sick in a hospital in Chicago. As soon as he left the hospital, he returned to Fort Worth, arriving there about March 19, 1926. He still retained possession of the key to the dwelling house. On arriving in Fort Worth he, without the consent of the defendant in error, went upon the premises and still holds possession thereof, and excludes the defendant in error therefrom. The dwelling house was vacant at the time; but the defendant in error was using the garage as a place to keep her automobile, and was asserting control of the premises.

Article 3973 of the Revised Civil Statutes reads in part as follows: "If any person shall make an entry into any lands, tenements or other real property, except in cases where entry is given by law, or shall make any such entry by force, * * * such person shall be adjudged guilty of forcible entry and detainer. * * *"

Article 3974 reads partly as follows:

"A 'forcible entry,' or an entry where entry is not given by law, is:

"1. An entry without the consent of the person having the actual possession."

At the very time that the defendant in error took possession of the premises in controversy, in July, 1925, the plaintiff in error was in actual use thereof, as a place to keep his household goods which were in the house. He was claiming dominion and control of the premises in connection with such use. Although not personally present on the premises at the time, he was in actual possession thereof, within the meaning of the statutory provision last mentioned. The defendant in error, therefore, herself violated the above statutes when she entered upon and took possession of the premises as she did. Her possession, thus obtained, and which she seeks now to regain, was wrongful to Benevides. The above clause of article 3974 contemplates an actual possession which is capable of bearing a presumption of right in the possessor. The possession of the defendant in error, which was invaded by Benevides, did not measure up to this requirement. There was no acquiescence by Benevides, in the acts of the defendant in error, from which can be implied a recognition by the former of a possessory right in the latter. In such a situation, it will not be assumed that the Legislature intended that, as between one who has been dispossessed in violation of these statutes, and the one by whom he is dispossessed, the actual possession thus taken and held by the latter shall be presumed to be rightful. Had the sheriff, under a proper writ, dispossessed Benevides of the premises in the first instance, and put the defendant in error in possession thereof, a different question would be presented. This also would be the case, if the defendant in error were complaining of an intrusion by a stranger.

The sheriff's deed cannot, in this proceeding, justify the act of the defendant in error in taking possession of the premises as she did. Her right of possession under such deed cannot be determined without an inquiry into the merits of her title thereunder. Such an inquiry is not allowed in an action of this sort. R. S. art. 3984.

The undisputed facts show that the plaintiff in error is not guilty of forcible entry and detainer, as charged, and the trial court should have so instructed the jury.

We recommend that the judgment of the trial court and that of the Court of Civil Appeals be reversed, and that judgment be here rendered, adjudging the plaintiff in error not guilty of forcible entry and detainer.

CURETON, C. J. Judgment of the county court and Court of Civil Appeals both reversed, and judgment rendered for plaintiff in error, as recommended by the Commission of Appeals.