Tommy **HOLCOMB**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–84–685–CR.

Court of Appeals of Texas, (Houston 1st Dist.).

July 11, 1985.

---

Jimmy James, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., William J. Delmore, III and Elaine Bratton, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and HOYT and DUNN, JJ.

## OPINION

DUNN, Justice.

Appellant was convicted in a non-jury trial of aggravated sexual assault and aggravated robbery. Each count was enhanced by a previous felony. The trial court assessed punishment at confinement for a period of 35 years for each offense, with the sentences to run concurrently.

We affirm.

In November 1983, appellant approached the complainant in the parking lot of her apartment complex. While pointing a knife at her stomach, he told her to get into his pickup truck. After driving a short distance, he demanded that she give him her money. He then drove to a construction area where he forced her to take off her clothes, and told her that he would kill her if she screamed or if anyone discovered them. He then raped her.

Appellant contends that he was improperly convicted, because two offenses that were committed during the same con-

tinuing criminal transaction were alleged in a single indictment. The Court of Criminal Appeals, in *Ex parte Siller*, 686 S.W.2d 617, 620 (Tex.Crim.App.1985), recently affirmed the rule that multiple convictions may not be had on two or more counts in a single indictment alleging offenses arising out of the same transaction. *Id.* "Transaction" in this respect means a variation of the same act, or in other words, a single guilty intent running through and connecting both acts. *See McIntire v. State*, 698 S.W.2d 652 (Tex.Crim.App.1985) (which used *Drake v. State*, 686 S.W.2d 935 (Tex. Crim.App.1985); *Banks v. State*, 93 Tex.Cr.R. 117, 246 S.W. 377 (1922); and *Crawford v. State*, 31 Tex.Cr.R. 51, 19 S.W. 766 (Ct.App.1892) to show that a single guilty intent running through and connecting both acts is a single transaction).

■ The appellant in *Ex parte Siller* was charged with sexual intercourse with a female younger than 14 years of age and not his wife and also with engaging in sexual contact with the same female child. Obviously, the State was attempting to charge the defendant with two offenses arising out of the same transaction to meet the various aspects in which the evidence may have presented itself. Consequently, the defendant could not be convicted of both offenses. As the Court of Criminal Appeals explained in *Ex parte Easley*, 490 S.W.2d 570, 571 (Tex.Crim.App.1972), the trial court is without the legal authority to enter a judgment and impose a sentence for more than one offense on one indictment.

■ However, when separate and distinct offenses alleged in one indictment are shown by the evidence to come from different criminal transactions, "at the request of the defendant the State should be forced to elect upon which count or transaction it will prosecute." *Drake*, 686 S.W.2d at 944 (citing *McKenzie v. State*, 32 Tex.Cr.R. 568, 25 S.W. 426 (1894)).

■ In the present case, appellant did not demand an election or protest the con-

viction for more than one felony under the same indictment. Further, there was more than one guilty intent involved in this transaction, i.e., the intent to arouse and gratify the appellant's sexual desires, and the intent to deprive the complainant of her personal property.

■ We conclude that appellant's aggravated rape and aggravated robbery of the same complainant arose out of different transactions. Accordingly, appellant waived error, *see* Tex.Code Crim.P.Ann. art. 1.14 (Vernon 1977); *Drake*, 686 S.W.2d at 944–45, and we overrule his first ground of error.

Appellant next contends that the portion of the indictment alleging aggravated sexual assault is fundamentally defective. The indictment, in pertinent part, reads as follows:

> [Tommy Holcomb] did unlawfully, intentionally and knowingly by the use of physical force and violence and by threatening the present use of force and violence against S.L.K., not the spouse of the Defendant and hereafter styled the Complainant, cause the penetration of the vagina of the Complainant by placing his sexual organ in the vagina of the Complainant and without the consent of the Complainant and exhibited a deadly weapon, namely, a knife.

■ A sexual assault pleading under subsection (a)(1)(A) of section 22.011 of the Texas Penal Code need only allege the following five elements: that the defendant (1) intentionally and knowingly (2) caused the penetration of the anus or vagina (3) of another person (4) who is not the spouse of the defendant (5) without that person's consent. Sections (b)(1) and (2) explain that the act is without the complainant's consent when the defendant compels the complainant to submit or participate (1) by the use of physical force or violence or (2) by threatening to use force or violence against the complainant who believes that the defendant has the present ability to execute the threat. The aggravating element under section 22.021(a)(4) of the Texas Penal Code requires that the defendant use or

exhibit a deadly weapon in the course of the same criminal episode.

Appellant urges four separate complaints concerning this portion of the indictment. The first three concern the victim's lack of consent and the fourth concerns the deadly weapon's allegation. Specifically, appellant contends that the indictment failed to allege: (1) that the "use of physical force and violence" compelled the complainant to submit to the sexual intercourse, (2) that "by threatening the present use of force and violence" the complainant was compelled to submit to the sexual intercourse, (3) that the complainant believed the appellant had the present ability to execute those threats, and (4) that the knife was exhibited during the course of the same criminal episode.

■ The first three complaints are without merit. A reasonable interpretation of the indictment's allegations is that the victim was compelled to submit to the appellant's acts by force and threats, *see Rubio v. State*, 607 S.W.2d 498, 502 (Tex.Crim. App.1980); *Church v. State*, 552 S.W.2d 138 (Tex.Crim.App.1977), and the victim believed that the defendant had the present ability to carry out his threats. *See Robinson v. State*, 596 S.W.2d 130, 133 n. 7 (Tex.Crim.App.1980); *see also Sanders v. State*, 688 S.W.2d 676, 679 (Tex.App.—Dallas 1985, no pet.). Furthermore, the aggravating element, which merely states that the defendant "exhibited a deadly weapon, namely, a knife," is sufficient when read with the rest of the indictment to show that the exhibition of the weapon occurred simultaneously with the other elements of the offense charged.

The indictment alleged all the elements of aggravated sexual assault, and when read in the common sense manner required by article 21.17 of the Texas Code of Criminal Procedure, it is not fundamentally defective. *See Lewis v. State*, 659 S.W.2d 429, 431 (Tex.Crim.App.1983). We overrule appellant's second ground of error.

■ Appellant next contends that the evidence was insufficient to support his conviction for aggravated sexual assault, because it was not established that the knife he used was a deadly weapon in accordance with section 22.021(a)(4) of the Texas Penal Code. Appellant complains that because the complainant saw only the tip of a knife blade and was unable to describe the size of the knife, she could not have been placed in fear of imminent bodily injury or death. However, a rational trier of fact could have found that the appellant used a four to six inch hunting knife, which was later recovered from his truck along with a semen-stained towel, even though the complainant could not specifically identify that knife.

■ Furthermore, even though a knife is not a deadly weapon per se, *Blain v. State*, 647 S.W.2d 293 (Tex.Crim.App.1983), it may be shown to be a deadly weapon by the manner of its use or intended use. The Court of Criminal Appeals in *Tisdale v. State*, 686 S.W.2d 110, 114 (Tex.Crim.App. 1984), explained that when a person uses or exhibits a knife "in order to threaten or place another in fear of imminent bodily injury or death, a rational trier of fact could find beyond a reasonable doubt that the knife was a deadly weapon in the manner of its use or intended use."

■ In this case, the victim testified not only that the defendant had a knife, but also that the defendant threatened to use it, and she was afraid of being injured or killed. She explained that while appellant held the knife approximately ten inches from her stomach, he threatened to kill her, and that except for such threats, she would not have submitted to the sexual assault. This demonstrates that appellant intended to use the knife to cause the complainant serious bodily injury or death if she failed to comply with his demands. A rational trier of fact could conclude beyond a reasonable doubt that the knife was a deadly weapon in the manner of its use or intended use. *Accord Tisdale v. State*, 686 S.W.2d at 113–15. Appellant's third ground of error is overruled.

In appellant's fourth ground of error, he contends that the evidence was insufficient to sustain a conviction for sexual assault, because there was no showing of the use of physical force and violence. However, in overruling appellant's second ground of error, we found that the State did adequately allege compulsion by threat. Thus, there is no requirement that the State also prove the appellant used force and violence to get her to commit the act of sexual intercourse. *See* Tex.Penal Code Ann. sec. 22.011(b)(2) (Vernon Supp.1985). Appellant's fourth ground of error is overruled.

In appellant's fifth ground of error, he contends that he did not intelligently waive his right to a jury trial. He argues that the trial court should have admonished him as to which matter he would be tried upon and the possible right of severance of the two counts in the indictment.

Appellant signed a written waiver of a jury in accordance with article 1.13 of the Texas Code of Criminal Procedure. Prior to acceptance of that waiver, he was admonished as to his right to a jury trial by the trial court. We find no authority for appellant's contention, nor does appellant cite any authority for his argument. We conclude that article 1.13 of the Texas Code of Criminal Procedure does not require the trial court to admonish the defendant as to any right of severance of the two counts in the indictment. Because the requirements of article 1.13 were satisfied, this ground of error is overruled.

The trial court's judgment is affirmed.