**Guy Edwin SPARKMAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 12–93–00226–CR.**

Court of Appeals of Texas, Tyler.

April 3, 1997.

Rehearing Overruled May 21, 1997.

Guy Edwin Sparkman, Tyler, pro se.

Edward J. Marty, Tyler, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

*OPINION AFTER MOTION FOR REHEARING*

RAMEY, Chief Justice.

On January 29, 1997, this Court issued its original opinion in this cause. Thereafter, Appellant, Guy Edwin Sparkman, filed a motion for rehearing. We grant Appellant's motion for rehearing as to his request that the opinion be published. Also in response to his motion, we have reconsidered his third point of error, and though we decline to change our initial holding overruling his point, we have rewritten that section of the opinion to clarify our position. In all other respects, Appellant's motion for rehearing is overruled. Our original opinion is withdrawn and the following opinion is substituted:

Pro se Appellant, Guy Edwin Sparkman ("Appellant"), appeals from a conviction by a jury of the offense of criminal trespass. The jury assessed a ninety day jail sentence and a fine of $1,000.00. Appellant raises nine points of error; we will affirm the judgment of the trial court.

In his first point of error, Appellant alleges that the complaint and information on which he was tried failed to state an offense under Section 30.05(a) of the Texas Penal Code. That section of the Penal Code provides that a person commits criminal trespass "if he enters or remains on property or in a **building of another** without effective consent...." Tex.Penal Code Ann. § 30.05(a) (Vernon 1994) (emphasis added). The information states that Appellant entered a building "without the effective consent Terry Sparkman, **the owner thereof.**" (Emphasis added).

We begin by observing that Appellant did not object to this alleged defect in the information nor file a motion to quash and has therefore waived his right to object on appeal. Tex.Code Crim.Proc.Ann. art. 1.14(b) (Vernon Supp.1996). We further note, however, that although the authorities Appellant cites in support of his first point are convincing and have not been distinguished or controverted by the State, controlling authority may be found in recent opinions of the Texas Court of Criminal Appeals that post-date the cases cited by Appellant and speak to the exact issue presented. In *State v. Kinsey,* 861 S.W.2d 383 (Tex.Cr.App.1993), the Court of Criminal Appeals reversed the trial court's quashing of an information and held that phrasing identical to that used in the instant case sufficiently tracked the language of Section 30.05(a) to state an offense.[1] *Id.* at 384–385; *see also State v. Garcia,* 861 S.W.2d 386, 387 (Tex.Cr.App.1993). Therefore, for the reasons stated, Appellant's first point of error is overruled.

In his second point of error, Appellant claims that the evidence was not sufficient to support his conviction. In order to establish the commission of the offense of criminal trespass, the State must show that the defendant (1) entered or remained (2) on the property or in the building of another (3) without effective consent and (4) that he "had notice that the entry was forbidden ... or ... received notice to depart but failed to do so." Tex.Penal Code Ann. § 30.05(a) (Vernon 1994).

Appellant complains only that the evidence was insufficient, but we shall review the evidence for both its legal and factual sufficiency. When an appellate court conducts both types of review in a criminal case, it must first determine whether the evidence adduced at trial was legally sufficient to support the verdict. *Clewis v. State,* 922 S.W.2d 126, 133 (Tex.Cr.App.1996). To do this, the court must decide "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

*Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *accord, Geesa v. State,* 820 S.W.2d 154, 157 (Tex.Cr.App.1991); *Richardson v. State,* 879 S.W.2d 874, 879 (Tex.Cr.App.1993), *cert. denied,* 513 U.S. 1085, 115 S.Ct. 741, 130 L.Ed.2d 643 (1995); *Moreno v. State,* 755 S.W.2d 866, 867 (Tex. Cr.App.1988). The jury's verdict should be upheld "unless it is found to be irrational or unsupported by more than a mere modicum of evidence." *Id.,* at 867.

If the evidence survives legal sufficiency review, we analyze it for a determination of its factual sufficiency under the standard enunciated by the Court of Criminal Appeals in *Clewis.* In conducting a factual sufficiency review, this Court must view all the evidence in the case impartially and set the verdict aside "only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis,* 922 S.W.2d at 129 (quoting *Stone v. State,* 823 S.W.2d 375, 381 (Tex.App.—Austin 1992, pet. ref'd, untimely filed)).

■ Appellant directs his argument at what he claims is a bona fide dispute concerning ownership of the property, which he claims precludes a criminal trespass conviction. *See Hann v. State,* 771 S.W.2d 731, 733 (Tex.App.—Fort Worth 1989, no writ). Through the introduction of title documents, the testimony of a local title expert who performed an examination of the title on the property for the State, and the attorney for the complainant, the State attempted to establish that Appellant was not an owner of the property and did not have a right to possession of it. That evidence showed that the Smith County Sheriff's Department had foreclosed on the property for the failure of Appellant, as trustee for his sons, to pay the property taxes owed. The City of Tyler purchased the property at the foreclosure sale on June 4, 1985 and sold the property to Appellant's son, Terry Sparkman, on August 6, 1986. Property tax foreclosures are governed by the Tax Code, Section 34.01 of which provides in part that upon purchase by the taxing entity at the foreclosure sale, "[t]he taxing unit's title includes all the inter-

---

1. The indictment stated in part that the defendant entered the property "without the effective

consent of [the complainant], the owner thereof...."

est owned by the defendant, including the defendant's right to the use and possession of the property, subject only to the defendant's right of redemption." Tex.Tax Code Ann. § 34.01(c) (Vernon 1992). According to testimony offered by the State, Appellant never attempted to exercise his right of redemption after the foreclosure sale.

Appellant alleges that he has a valid claim to title in the subject property by way of a warranty deed purporting to convey the property to him as successor trustee of the grantor. This warranty deed, according to trial testimony, did not appear in the county deed records and postdates the City's foreclosure and purchase of the property. The title expert testified that the deed from the Sheriff's Department to the City of Tyler effectively cut off any interest Appellant had in the property and that Terry Sparkman had the greater right to possession of the property because he claimed title under a valid recorded deed from the city. Furthermore, the State showed that the property had been the subject not only of a foreclosure suit but of a forcible entry and detainer action in justice court as well. Terry Sparkman, Appellant's son, sued Appellant in justice court, and the judgment signed on July 23, 1987 establishes the son's right to possession of the subject property over the rights of Appellant.

A recent opinion of the Texas Court of Criminal Appeals settles the question of whether the State must prove ownership by negating the possibility of a title dispute or merely by proving a greater right to possession. In *Arnold v. State,* 867 S.W.2d 378 (Tex.Cr.App.1993), the court specifically held that "in criminal trespass cases where the State alleges ownership, § 1.07[a](24) [the Penal Code definition of 'owner'] is applicable and the State may establish ownership by proving, beyond a reasonable doubt, that the complainant had a greater right to possession of the property than the defendant." *Id.,* at 379; *accord, Vanderburg v. State,* 874 S.W.2d 683, 684 (Tex.Cr.App.1994). Therefore, regardless of the merit of Appellant's claim of the existence of a title dispute, the tax judgment and the judgment of the justice court, along with the testimony of the title

expert and two local attorneys, suffice to prove ownership in this case because they indicate that Terry Sparkman had a greater right to possession of the property than Appellant.

As for the remaining elements of the alleged offense, the State offered the testimony of police officers to show that Appellant broke into and entered the building and remained in it despite the protestations of Terry Sparkman and the police on the scene. Also, Terry Sparkman testified that he had told his father to stay out of the building in question immediately prior to the entry that is the subject of this case.

We conclude that when viewed in the light most favorable to the verdict, this evidence would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. Moreover, when all of the evidence is examined impartially, the jury's verdict cannot be described as "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis,* 922 S.W.2d at 129. Therefore, we hold that the evidence presented at trial is both legally and factually sufficient, and we overrule Appellant's second point of error.

■ In his third point of error, Appellant contends that the trial court erred in admitting into evidence the judgment of the justice court because it was void for lack of jurisdiction. The Texas Property Code confers jurisdiction of forcible detainer and forcible entry and detainer suits upon the justice courts. See Tex.Prop.Code Ann. § 24.004 (Vernon Supp.1996). The courts of this state have held that even when title disputes exist, as Appellant alleges in this case, the justice courts (and the county courts at law on appeal) have jurisdiction of actions for forcible entry and detainer to determine the right of immediate possession. *See McGlothlin v. Kliebert,* 672 S.W.2d 231, 233 (Tex.1984); *Home Savings Assoc. v. Ramirez,* 600 S.W.2d 911, 913–914 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.); and *Haith v. Drake,* 596 S.W.2d 194, 196–197 (Tex.Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

As Appellant argues, however, if a justice court in a forcible detainer action exceeds its jurisdiction and tries the issue of title, the judgment is void. *Johnson v. Fellowship Baptist Church,* 627 S.W.2d 203, 204 (Tex.App.—Corpus Christi 1981, no writ). Citing *Benevides v. Lucio,* 13 S.W.2d 71 (Tex.Com.App.1929), Appellant asserts that a justice court cannot determine the right to possession under a sheriff's deed without inquiring into the merits of title. *Id.,* at 72. We conclude, however, that the holding of the *Benevides* opinion is limited to the facts presented in that appeal: "[t]he sheriff's deed cannot, *in this proceeding,* justify the act of the defendant in error in taking possession of the premises *as she did,"* ... and "[h]er right of possession under such deed cannot be determined without an inquiry into the merits of her title thereunder." *Benevides,* 13 S.W.2d at 72 (emphasis added).

Since the *Benevides* opinion, other courts have allowed actions for forcible entry and detainer in justice court when the right to possession of the property in question derived from a conveyance after a tax foreclosure sale, as in the instant case. See *Goggins v. Leo,* 849 S.W.2d 373, 379 (Tex.App.—Houston [ 14th Dist.] 1993, no writ). Furthermore, Appellant has not shown that the action before the justice court involved a genuine title dispute. Other courts have required specific evidence of a title dispute before determining that a title dispute deprived a justice court of jurisdiction in an action for forcible entry and detainer. *See Mitchell v. Armstrong Capital Corp.,* 911 S.W.2d 169 (Tex.App.—Houston [1st Dist.] 1995, writ denied) (appellant offered evidence that deed was void and that litigation was pending in district court to set aside foreclosure sale). Here, the judgment itself only states that Terry Sparkman had the greater right to possession of the premises and does not even indicate the exact nature of the cause of action.

As stated above, and in contravention of Appellant's assertion here, title was not the determinative issue in this case because the State could establish the ownership element of the criminal trespass charge by proving merely that the complainant had the greater right to possession. See *Arnold,* 867 S.W.2d at 379. We hold that Appellant has not shown the judgment of the justice court to be void. Appellant's third point of error is overruled.

By way of his fourth point of error, Appellant complains of the trial court's refusal to charge the jury regarding the affirmative defense of "mistake of law" as provided in Section 8.03(b) of the Texas Penal Code. The charge to the jury included an instruction as to "mistake of fact," but the court denied his request for an instruction regarding "mistake of law." A defendant in a criminal case may avail himself of the affirmative defense of mistake of law under circumstances set forth in Section 8.03(b) of the Penal Code:

> (b) [i]t is an affirmative defense to prosecution that the actor reasonably believed the conduct charged did not constitute a crime and that he acted in reasonable reliance upon:
>
> (1) an official statement of the law contained in a written order or grant of permission by an administrative agency charged by law with responsibility for interpreting the law in question; or
>
> (2) a written interpretation of the law contained in an opinion of a court of record or made by a public official charged by law with responsibility for interpreting the law in question.

Tex.Penal Code Ann. § 8.03(b) (Vernon 1994). A defendant is entitled to a jury instruction on every affirmative defense raised by the evidence, regardless of the strength or credibility of that evidence. *Hayes v. State,* 728 S.W.2d 804, 807 (Tex.Cr. App.1987) (opinion on reh'g).

Appellant argued before the trial court, and argues throughout this appeal, that when he broke into the building in question, he relied on the validity of a warranty deed dated August 19, 1985, purporting to convey the property to him as successor trustee of A.J. Alexander. Alexander was the trustee of record when the foreclosure took place, and held the property in trust for the four sons of Appellant. As indicated above, this deed postdates the foreclosure sale to the City of Tyler on June 4, 1985, but predates

the City's sale of the property to Terry Sparkman. Appellant claims that prior to the execution of this warranty deed, he was not a record owner of the property and that the foreclosure could not have worked to cut off his interest in the property because his interest did not exist at that time.

These allegations might favor an instruction regarding a mistake of fact, as the trial court allowed, but they do not suffice for a mistake of law instruction. Appellant did not present any evidence to suggest that he relied on either an administrative order or an opinion of a court as required by Section 8.03 of the Penal Code. *See Green v. State*, 829 S.W.2d 222, 223 (Tex.Cr.App.1992). The unrecorded warranty deed through which he claimed a right to possession of the property does not fit the requirements of Section 8.03. Therefore, Appellant has failed to show that the evidence raised the issue of a mistake of law. Appellant's fourth point of error is overruled.

■ In his fifth point of error, Appellant contends that the trial court erred in denying his request to change the wording of the second paragraph on the third page of the court's charge, which instructed the jury as follows:

[n]ow, if you find from the evidence beyond a reasonable doubt that on or about the 31st day of August, 1992, in Smith County, Texas, the defendant, [Appellant], did intentionally enter a building located at [address], without the effective consent of Terry Sparkman, the owner thereof and that the said [Appellant] had notice that said entry, if any, was forbidden, then you will find the defendant, [Appellant], guilty of criminal trespass of a building or property . . .

Appellant requested that the words "if he was the owner" be inserted after the words "without the effective consent of Terry Sparkman" and in place of the words "the owner thereof."

■ In reviewing a jury charge, the courts of appeal will not consider isolated portions of the charge alone but will review it as a whole. *de la Garza v. State*, 579 S.W.2d 220, 224 (Tex.Cr.App.1979); *Inman v. State*,

650 S.W.2d 417, 419 (Tex.Cr.App.1983). On the first page of the jury charge, the trial court provided the statutory elements of the crime of criminal trespass, including the requirement that the offense occur on property "of another without the effective consent of the owner." The statutory definition of "owner" appears on page two of the court's charge. Appellant's requested change would have served merely to restate what was contained in the instructions on the previous pages. When a refused instruction is adequately covered by the charge given, there is no harm in failure to give the refused charge. *de la Garza*, 579 S.W.2d at 223; *Philen v. State*, 683 S.W.2d 440, 445 (Tex.Cr.App.1984). Therefore, the court's refusal to alter the instruction to conform to Appellant's request was not error. We overrule Appellant's fifth point of error.

■ Appellant's sixth point of error complains that the definition of the word "owner" in the charge, which is taken directly from Section 1.07(a)(24) of the Texas Penal Code, constituted error because it provided that the owner could be one with "a greater right to possession of the property than the actor." Similarly, in his seventh point of error, Appellant alleges that the trial court erred in refusing to instruct the jury that he could not be found guilty if there existed a bona fide title dispute in the property. As stated in our discussion of Appellant's second point of error, the Court of Criminal Appeals has held that ownership may be established in criminal trespass cases by proving only a greater right to possession, according to the statutory definition of "owner" provided in Section 1.07(a)(24). *Arnold v. State*, 867 S.W.2d 378, 379 (Tex.Cr.App.1993). The Court of Criminal Appeals' holding in *Arnold* confutes Appellant's argument on both points. Appellant's sixth and seventh points of error are overruled.

■ Appellant contends in his eighth point of error that the trial court erred in allowing improper jury argument and in allowing the prosecutor to refer to two charts during his jury argument. The two charts are included in the record as Defendant's Exhibits # 3 and # 4 and were created and used by the State to remind the jury of the

evidence suggesting that Appellant was not the owner of the property in question. It is well established that proper jury argument may consist only of summation of the evidence, reasonable deductions from the evidence, answers to argument of opposing counsel, and pleas for law enforcement. *Cooks v. State*, 844 S.W.2d 697, 727 (Tex.Cr. App.1992), *cert. denied*, 509 U.S. 927, 113 S.Ct. 3048, 125 L.Ed.2d 732 (1993). "Error exists when facts not supported by the record are interjected; however, such error is not reversible unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute or injects new facts, harmful to the accused, into the trial." *Allridge v. State*, 762 S.W.2d 146, 155 (Tex.Cr.App.1988), *cert. denied*, 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1989); *accord, Cooks*, 844 S.W.2d at 727.

 Defendant's Exhibit # 3 (again, a chart which was created and used by the State) begins with the heading "Terry Sparkman Owner" and then lists the names of six witnesses who testified adversely to Appellant's claim of ownership. The last item listed on Defendant's Exhibit # 3 is the term "Appraisal Dist." The testimony adduced by the State revealed that the local appraisal district did, in fact, show Terry Sparkman as the owner. This list was merely a summation of the State's evidence at trial and was therefore proper. Moreover, Appellant failed to object to its use at any time and therefore has waived any claim of error regarding Defendant's Exhibit # 3. Tex. R.App.P. 52(a).

 Defendant's Exhibit # 4 began with the heading "Lawsuits" and listed the following terms: "Tax Suit," "Forcible Entry & Detainer," "Bankruptcy," "JP Court." As noted above, a judgment from the 114th District Court in the tax suit against Appellant was in evidence, as was the judgment of the Justice Court in which the forcible entry and

detainer action was litigated. The reference in Defendant's Exhibit # 4 to the "JP Court" may be duplicative of the reference to the "Forcible Entry & Detainer." [2]

The Exhibit's reference to "Bankruptcy," however, injected matters into the argument which were not in evidence. During the trial, the trial court sustained Appellant's objections to the State's attempt to elicit testimony relating to the bankruptcy case of Terry Sparkman and the bankruptcy court's finding as to ownership of the property. The trial court denied the States' request to admit the bankruptcy court's findings as an exhibit. In the complained-of reference to Defendant's Exhibit # 4 during the State's closing argument, the prosecutor alleged that Appellant had been in four different courts regarding the property dispute and that "he's been given four chances, and every time they told him 'no.'" Appellant objected, and the court overruled his objection during the following exchange:

Appellant: I object. There is no—absolutely no evidence in this record that these four courts have ruled against me. I object to it, your Honor.

State: There are judgments sitting right there in the exhibits.

The Court: I'm going to overrule your objection. The jury has heard the evidence, and they know what the instructions are from the court.

State: Just take a look at the exhibits that have been introduced in this case. The judgments are sitting there from these different lawsuits. . . .

The State's exhibits in this case include only the tax suit judgment of the district court (Exhibit # 7) and the forcible detainer judgment of the justice court (Exhibit # 8). No other judgments, aside from the conviction itself, appear in the record.

2. It is not clear from the record whether there were in fact four separate judgments. As stated, the references on Defendant's Exhibit # 4 to a forcible entry and detainer action and a "JP Court" judgment may have been to the same case. Neither party clarifies the matter in the briefing before this Court. It appears from comments made before the trial court by Appellant that one justice court judgment, a forcible detainer action, was appealed to the county court, and it is possible that the reference on Defendant's Exhibit # 4 to a forcible entry and detainer action was to the matter in the county court.

Defendant's Exhibit # 4 and the prosecutor's reference to four separate court judgments cannot be said to meet the requirements of proper jury argument because they include references to facts which were not in evidence. Because Appellant's objection did not address the use of the demonstrative exhibit, he failed to preserve the trial court's error in regard to Defendant's Exhibit # 4 for appeal. TEX.R.APP.P. 52(a). The question remains, however, concerning the prosecutor's improper references during his jury argument to four judgments and whether the trial court's error in allowing the improper argument was reversible; therefore, we must determine whether the State's reference to the existence of four separate court judgments was extremely or manifestly improper or whether it injected new facts which were harmful to Appellant. *Allridge*, 762 S.W.2d at 155; *Cooks*, 844 S.W.2d at 727. The court in *Allridge* set out the test for reversible error in argument before the jury: "whether there is a reasonable possibility that the argument complained of might have contributed to the conviction or the punishment assessed." *Allridge*, 762 S.W.2d at 155 (citations omitted).

Considering the fact that the State's exhibits did include the property tax judgment against Appellant and the justice court judgment finding the greater possessory right to the property in the complainant, we hold that the improper references by the prosecutor did not contribute to the conviction. At most the reference to two extraneous judgments had the effect of reinforcing points established by the two judgments actually in evidence and the trial testimony concerning them. Consequently, we overrule Appellant's eighth point of error.[3]

In his ninth and final assignment of error, Appellant claims that the trial court committed fundamental error in assessing his punishment at confinement for 90 days and a fine of $1,000.00 when the jury's verdict on

punishment states "... punishment at 90 days confinement in the Smith County Jail and/or a fine of $1,000." The verdict form originally included only the typed word "and," but someone struck through that word in dark ink and interlineated the words "and/or" in its place. In lighter ink, of the same appearance as that used by the jury foreman to write in the amounts and to sign the verdict, the word "and" of the interlineated portion has been circled. The State argues that the trial court changed the wording of the verdict form itself by writing in "and/or" and that the jury foreman circled the "and" when the jury reached its verdict on punishment. Unfortunately, nothing in the record clarifies the order in which the striking through, interlineation and circling occurred or who performed each.

Appellant did not object at any time to the alleged discrepancy between the judgment and the verdict form and has failed to preserve any complaint for appeal unless, as he alleges, the situation constitutes fundamental error. Appellant does not cite cases regarding fundamental error, nor has he attempted to argue his point. Instead, he contends that the "manifest fundamental error of this issue deserves no comment" and that the sentence of the court "is blatantly wrong on its face." We disagree. To qualify as fundamental error, the alleged error must "directly and adversely affect[ ] the interest of the public generally, as such interest is declared in statutes or in the constitution of the State." *G.A.O. v. State*, 854 S.W.2d 710, 715 (Tex.App.—San Antonio 1993, no writ). The punishment assessed by the court is less than the maximum allowed by statute, and appears to comport with the jury's verdict. While the record does not make it absolutely certain, the fact that the jury filled in both the blank space allotted for a fine and that allotted for a jail sentence supports the interpretation argued by the State. Appellant has failed to show the existence of fundamental error. *See Lunsford v. State*, 896 S.W.2d

---

**3.** As an additional reason for overruling appellant's eighth point of error, we note that Appellant failed to object to the State's references to "four judgments" during the jury argument on at least two occasions prior to the objection discussed here. Therefore, he waived his right to

complain on appeal. *Willis v. State*, 785 S.W.2d 378, 385 (Tex.Cr.App.1989), *cert. denied*, 498 U.S. 908, 111 S.Ct. 279, 112 L.Ed.2d 234 (1990); *see also Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Cr.App.1996).

394, 397 (Tex.App.—Beaumont 1995, no pet.). Consequently, we must overrule his ninth point of error.

The judgment of the trial court is **affirmed**.