TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00703-CR






Ricky Yanez, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 98-3926, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING






 Appellant Ricky Yanez appeals from a jury conviction of aggravated robbery with
a deadly weapon. (1) See Tex. Penal Code Ann. § 29.03. After finding him guilty of the charged
offense, the jury assessed punishment at forty-five years' imprisonment. In a single point of
error, Yanez contends that the trial court erred by allowing the prosecutor, during closing
argument, to read from a witness statement that had not been formally introduced into evidence. 
Yanez requests that the judgment of the trial court be reversed and his cause be remanded for a
new punishment trial. We will affirm.


Background

 On February 17, 1997, three masked persons entered the South Austin home of
Carlos Orsini. The intruders were armed with two handguns and a sawed-off shotgun. Carlos
Orsini, his wife, and a guest were robbed of money and ten pounds of marihuana. Yanez later
confessed to the crime, was tried, and found guilty of aggravated robbery by a jury. See Tex.
Penal Code Ann. § 29.03.

 During the punishment phase of the trial, evidence was introduced that implicated
Yanez and a friend, Chavalon, (2) in the murder of Joseph Martinez. Yanez's former wife, Demetria
Acevedo, testified that Yanez told her about the "job" Yanez and Chavalon had performed, i.e.,
the murder of Martinez. She testified that Yanez and Chavalon were to be paid $1,000 each for
the murder, but Chavalon kept most of the money, giving Yanez only $200. Acevedo also
testified that Yanez and Chavalon were cleaning their guns the night of the murder and that the
next morning, she and Yanez went to the vicinity of the victim's house and retrieved an
ammunition clip dropped the night before.

 During closing argument, the prosecutor referred to the April 9, 1997, statement
that Acevedo had given to the police regarding the Martinez murder. The written statement had
not been introduced into evidence, nor had it been identified for the jury as an exhibit. The
prosecution quoted Acevedo as saying in the statement: "[A]ll I know is that Ricky [Yanez] and
Chavalon got back to the trailer that night with the guns. Chavalon gave Ricky $200 in cash. At
that time Chavalon said to Ricky . . . " At this point defense counsel objected to the reading of 
Acevedo's written statement because it had not been admitted into evidence. The prosecutor
replied that what he quoted was already in evidence, having been attested to by Acevedo when
called as a witness at trial. The judge reminded the jury to recall the evidence and the testimony
of the witnesses as they had heard it during the trial phase, not during the closing argument, (3) and
overruled the objection. The prosecutor continued with his closing argument, making another
reference to the statement:


Demetria Acevedo on the stand said this in my [her] statement, it was true. At the
time Chavalon said to Ricky, here is part of the money that Ricky gave me. Ricky
and Chavalon were on the porch when Chavalon said this and I guess Chavalon
didn't know I could hear them. After Chavalon left, Ricky told me that he was
supposed to get $1,000 for the job but Chavalon only gave him $200. 



The defense did not object to the second reference made to the statement. After deliberation, the
jury sentenced Yanez to forty-five years in prison.

Discussion

 On appeal, Yanez argues that the prosecution tainted the punishment phase of the
trial by presenting to the jury improper additional evidence, specifically, the statement of
Demetria Acevedo. Proper jury argument is limited to summation of the evidence, reasonable
deductions from the evidence, answers to argument of opposing counsel, and pleas for law
enforcement. See Sparkman v. State, 968 S.W.2d 373, 380 (Tex. App.--Tyler 1997), cert. denied,
523 U.S. 1083 (1998) (citing Cooks v. State, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992)). 
Here the prosecutor apparently read from what purported to be a written statement during closing
argument. During Acevedo's live testimony from the witness stand the prosecutor was
permitted, without objection, to elicit in question-and-answer form verbatim segments of
Acevedo's statement. The prosecutor would read a portion of the statement and then ask Acevedo
if the portion just read was true. In this manner most, if not all, of Acevedo's statement was
introduced into evidence. The portions mentioned during closing argument were also introduced
in this manner, as well as revisited in both re-direct examinations. Thus, the prosecutor's closing
argument falls within the category of summation of evidence.

 However, even if the prosecutor's closing argument was improper, appellant would
still be required to show error in order to get a reversal. See Sparkman, 968 S.W.2d at 380,
(citing Allridge v. State, 762 S.W.2d 146, 155 (Tex. Crim. App. 1988)), accord Cooks, 844
S.W.2d at 727. "Error exists when facts not supported by the record are interjected; however,
such error is not reversible unless, in light of the record as a whole, the argument is extreme or
manifestly improper, violative of a mandatory statute or injects new facts, harmful to the accused,
into the trial." Id. Therefore, we must review the record to determine if, by allowing the
prosecutor to read from the statement, new facts were injected into the trial. Our review of the
record shows no new facts that were introduced during closing arguments. Therefore, appellant
has shown no reversible error.

 Even if the prosecution had interjected new facts, any resulting error was cured. 
An instruction to disregard an improper comment in jury argument will cure any error. See
McGee v. State, 774 S.W.2d 229, 238 (Tex. Crim. App. 1989). After the defense objected to the
prosecutor's argument, the judge reminded the jury of its duty to weigh only the evidence
presented during the trial. The trial court's instruction to disregard was timely, and error was
cured. 

 Yanez improperly relies upon Texas Rule of Appellate Procedure 21.3(f) in his
request for a new trial. Rule 21.3(f) provides in pertinent part that: "The defendant must be
granted a new trial for any of the following reasons: when, after retiring to deliberate, the jury
has received other evidence . . ." Tex. R. App. P. 21.3(f) (emphasis added). This rule applies
only when juries receive new evidence after retiring. In the present case, appellant complains of
evidence presented during closing arguments, thus this rule is inapplicable. The defense had an
opportunity to object and did so. At that point, the trial judge made a ruling and offered a
curative instruction to the jury.


Conclusion

 Having determined that the prosecutor's final argument was not improper, that the
defendant showed no error, and that, if there were error, it was cured, we overrule Yanez's point 

of error and affirm the conviction and punishment. 




 


 Mack Kidd, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: October 21, 1999

Do Not Publish
1. Tex. Penal Code Ann. § 29.03, Aggravated Robbery, provides:


(a) A person commits an offense if he commits robbery as defined in Section
29.02, and he:

 (1) causes serious bodily injury to another;

 (2) uses or exhibits a deadly weapon; or

 (3) causes bodily injury to another person or threatens or places another person
in fear of imminent bodily injury or death, if the other person is:

 (A) 65 years of age or older; or

 (B) a disabled person.

(b) An offense under this section is a felony of the first degree.

(c) In this section, "disabled person" means an individual with a mental, physical,
or developmental disability who is substantially unable to protect himself from
harm.


Tex. Penal Code Ann. § 29.03 (West 1994).
2. Chavalon's real name is Joe Moreno. 
3. Specifically, the judge said, "Members of the jury, you recall the evidence and the testimony of
the witnesses as you heard it."



 v. State, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992)). 
Here the prosecutor apparently read from what purported to be a written statement during closing
argument. During Acevedo's live testimony from the witness stand the prosecutor was
permitted, without objection, to elicit in question-and-answer form verbatim segments of
Acevedo's statement. The prosecutor would read a portion of the statement and then ask Acevedo
if the portion just read was true. In this manner most, if not all, of Acevedo's statement was
introduced into evidence. The portions mentioned during closing argument were also introduced
in this manner, as well as revisited in both re-direct examinations. Thus, the prosecutor's closing
argument falls within the category of summation of evidence.

 However, even if the prosecutor's closing argument was improper, appellant would
still be required to show error in order to get a reversal. See Sparkman, 968 S.W.2d at 380,
(citing Allridge v. State, 762 S.W.2d 146, 155 (Tex. Crim. App. 1988)), accord Cooks, 844
S.W.2d at 727. "Error exists when facts not supported by the record are interjected; however,
such error is not reversible unless, in light of the record as a whole, the argument is extreme or
manifestly improper, violative of a mandatory statute or injects new facts, harmful to the accused,
into the trial." Id. Therefore, we must review the record to determine if, by allowing the
prosecutor to read from the statement, new facts were injected into the trial. Our review of the
record shows no new facts that were introduced during closing arguments. Therefore, appellant
has shown no reversible error.

 Even if the prosecution had interjected new facts, any resulting error was cured. 
An instruction to disregard an improper comment in jury argument will cure any error. See
McGee v. State, 774 S.W.2d 229, 238 (Tex. Crim. App. 1989). After the defense objected to the
prosecutor's argument, the judge reminded the jury of its duty to weigh only the evidence
presented during the trial. The trial court's instruction to disregard was timely, and error was
cured. 

 Yanez improperly relies upon Texas Rule of Appellate Procedure 21.3(f) in his
request for a new trial. Rule 21.3(f) provides in pertinent part that: "The defendant must be
granted a new trial for any of the following reasons: when, after retiring to deliberate, the jury
has received other evidence . . ." Tex. R. App. P. 21.3(f) (emphasis added). This rule applies
only when juries receive new evidence after retiring. In the present case, appellant complains of
evidence presented during closing arguments, thus this rule is inapplicable. The defense had an
opportunity to object and did so. At that point, the trial judge made a ruling and offered a
curative instruction to the jury.


Conclusion

 Having determined that the prosecutor's final argument was not improper, that the
defendant showed no error, and that, if there were error, it was cured, we overrule Yanez's point 

of error and affirm the conviction and punishment. 




 


 Mack Kidd, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: October 21, 1999

Do Not Publish
1. Tex. Penal Code Ann. § 29.03, Aggravated Robbery, provides:


(a) A person commits an offense if he commits robbery as defined in Section
29.02, and he:

 (1) causes serious bodily injury to another;

 (2) uses or exhibits a deadly weapon; or

 (3) causes bodily injury to another person or threatens or places another person
in fear of imminent bodily injury or death, if the other person is:

 (A) 65 years of age or older; or

 (B) a disabled person.

(b