**In re G.A.O., A Minor, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–91–00444–CV.

Court of Appeals of Texas,
San Antonio.

May 19, 1993.

Karen A. Crouch, Law Offices of Karen A. Crouch, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Robert C. Richardson, Wayne Young, Gammon Guinn, Asst. Crim. Dist. Attys., San Antonio, for appellee.

Before REEVES, C.J., and CHAPA and CARR,[1] JJ.

## OPINION

REEVES, Chief Justice.

Appellant appeals his delinquent child adjudication and disposition after the jury found he had engaged in the following delinquent conduct: aggravated sexual assault, sexual assault, robbery by threat, and assault. We find appellant's points of error are without merit. On our own initiative we find appellant's double jeopardy protections were violated when he was adjudicated guilty of both aggravated sexual assault and sexual assault. We modify the adjudication order and remand the case for a new disposition hearing.

## FACTS

G.A.O. (appellant, a minor) was tried in one trial for two separate criminal transactions: a September 25, 1990 sexual assault and robbery of a minor female and a January 10, 1991 assault of a school teacher. The jury found appellant guilty of aggravated sexual assault (vaginal), sexual assault (vaginal), robbery by threat, and assault. After a disposition hearing, appellant was committed to the Texas Youth Commission.

Appellant alleges four points of error:
I. The trial court erred by failing to require the jury to render a verdict that complied with the terms of the charge of the court and the instructions given by the court;

II. The trial court erred by sentencing the appellant based on the inconsistent findings of the jury;
III. The trial court erred by sentencing the appellant based on jury findings which did not follow either the court's instruction or the charge of the court; and
IV. The trial court erred by submitting a jury charge which misstated the law, was unfair, prejudiced, and confusing.

## DOUBLE JEOPARDY

■ The requirements governing an appeal to this court from an order of a juvenile court are as in civil cases generally. TEX.FAM.CODE ANN. § 56.01(b) (Vernon 1975). A brief of the argument must discuss the authorities relied upon as may be requisite to maintain a point of issue. TEX. R.APP.P. 74(f). Appellant's brief violates Appellate Rule 74 since no authority is cited to maintain his first three points of error. We will consider, however, the first three points of error in the interest of justice. *See* TEX.R.APP.P. 74(p).

■ In his brief, appellant combined argument regarding his first three points of error. Therein appellant finds fault specifically with: (1) the jury's verdict of guilty as to both aggravated sexual assault and sexual assault; and (2) the resulting sentence based on the jury verdict. In finding this fault, appellant claims the jury verdict is inconsistent. A finding of guilt as to both aggravated sexual assault and sexual assault is not an inconsistent finding; inconsistent verdicts are those incapable of logical reconciliation. *See, e.g., Ruiz v. State,* 641 S.W.2d 364, 366 (Tex.App.—Corpus Christi 1982, no writ). We overrule appellant's first three points of error.

■ When fundamental error is present, however, it should be raised and corrected by the appellate court on its own motion. *R.A.M. v. State,* 599 S.W.2d 841, 845 (Tex. Civ.App.—San Antonio 1980, no writ).

■ The jury found appellant guilty of aggravated sexual assault (vaginal), sexual

---

1. Justice Carr not participating.

assault (vaginal), robbery by threat, and assault. The Order of Adjudication states the jury's guilty verdict concerning sexual assault (vaginal) was disregarded because appellant was found guilty of aggravated sexual assault (vaginal). The Disposition Order of Commitment to the Texas Youth Commission stated that "this Court found the child to be delinquent in that HE ... [committed] AGGRAVATED SEXUAL ASSAULT ... [and] SEXUAL ASSAULT...." The disposition order committed appellant to the Texas Youth Commission for an indeterminate period of time not to exceed the time when he shall be 21 years of age. We consider the disposition order authority that the court found appellant guilty of both aggravated sexual assault and sexual assault.

▪▪▪ No person, for the same offense, shall be twice put in jeopardy of life or liberty. U.S. CONST. amend. V; TEX. CONST. art. 1, § 14.[2] The Double Jeopardy clause applies to juvenile adjudicatory proceedings. *See Breed v. Jones*, 421 U.S. 519, 532, 95 S.Ct. 1779, 1787, 44 L.Ed.2d 346

2. The federal Double Jeopardy clause is applied to the States through the Fourteenth Amendment. *Breed v. Jones*, 421 U.S. 519, 532, 95 S.Ct. 1779, 1787, 44 L.Ed.2d 346 (1975).

3. The complainant was raped several times by appellant and another male on September 25, 1990 during the same criminal transaction. From the charge and the Order of Adjudication it is clear to this court that appellant was charged with only one sexual assault during the criminal transaction. This court does not comment on whether appellant could have been charged with several sexual assaults during the same criminal transaction.

4. The Texas Court of Criminal Appeals reached this conclusion by applying the test established in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932): the lesser included offense of sexual assault requires no proof beyond that of the greater—aggravated sexual assault.

5. The Order of Adjudication stated that the sexual assault verdict was disregarded by the juvenile court. The Disposition Order of Commitment to the Texas Youth Commission, stating the court found him guilty of both aggravated sexual assault and sexual assault, is recognized by this court as final authority as to the court's decision.

(1975). At least three separate guarantees are recognized in the Double Jeopardy Clause: (1) protection against a second prosecution for the same offense after an acquittal; (2) protection against a second prosecution for the same offense after a conviction; and (3) protection against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), *overruled on other grounds, Alabama v. Smith*, 490 U.S. 794, 802, 109 S.Ct. 2201, 2206, 104 L.Ed.2d 865 (1989); *Stephens v. State*, 806 S.W.2d 812, 816 (Tex. Crim.App.1990), LEAVE GRANTED TO PROCEED IN FORMA PAUPERIS, 112 S.Ct. 350 (1991). Aggravated sexual assault and sexual assault are the same offense for purposes of the Double Jeopardy Clause.[3] *Stephens*, 806 S.W.2d at 815.[4] The juvenile court's disposition order recognized that appellant was guilty of both aggravated sexual assault and sexual assault.[5] This finding in the court's final order violates the Double Jeopardy Clause guarantee against multiple punishments for the same offense.[6]

6. The Disposition Order, however, does not violate Double Jeopardy protections by finding appellant guilty of aggravated sexual assault, robbery, and assault.

First, the sexual assault and assault were perpetrated by appellant on different dates on different victims: appellant assaulted a school teacher on January 10, 1991 and sexually assaulted a minor on September 25, 1990. The assault and sexual assault charges were joined in the same trial. Thus, the assault on a school teacher was a different offense from the sexual assault.

Second, the robbery by threat was a different offense from the aggravated sexual assault for Double Jeopardy purposes even though they occurred close in time during the same criminal transaction. After appellant and another male raped the complainant several times they stole complainant's necklace from her neck without her consent. Whether multiple punishments subjected for the same offense violates Double Jeopardy protections is determined according to rules of statutory construction established in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Cervantes v. State*, 815 S.W.2d 569, 573 (Tex.Crim.App.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992).

As stated in *Blockburger* "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be ap-

■■ We consider whether appellant waived his Double Jeopardy protections during adjudication.[7] In delinquency proceedings, unless a contrary intent clearly appears elsewhere in Title 3, any right granted to a child by the constitution or laws of Texas or the United States may be waived only if: (1) the waiver is made by the child and the attorney for the child; (2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it; (3) the waiver is voluntary; and (4) the waiver is made in writing or in court proceedings that are recorded. Tex.Fam.Code Ann. § 51.09(a) (Vernon 1975). Because Double Jeopardy protections are granted by the Texas and United States constitutions, and because there is no evidence in the record that appellant waived his protections according to section 51.09(a), the error apparent on the face of the record was not waived behaviorally during adjudication.

■■ As discussed previously, appellant did not preserve his Double Jeopardy Clause error for appeal. Thus, this court may consider this error only if the error is fundamental. Delinquency proceedings are *sui generis,* and the goal of the courts is to insure that the delinquency hearing is "conducted with dignity and fairness and with the essentials of due process being observed." *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *State v. Santana,* 444 S.W.2d 614, 617 (Tex.1969), *judgm't. vacated and cause remanded,*

397 U.S. 596, 90 S.Ct. 1350, 25 L.Ed.2d 594 (1970), *on remand,* 457 S.W.2d 275 (Tex. 1970); *R.A.M.,* 599 S.W.2d at 846. Fundamental error is error that directly and adversely affects the interest of the public generally, as such interest is declared in statutes or the constitution of the State. *Ramsey v. Dunlop,* 146 Tex. 196, 205 S.W.2d 979, 983 (1947). When the rights of minors are involved, the interest of the State in their welfare and protection weighs on the side of finding a sufficient public interest. *R.A.M.,* 599 S.W.2d at 844–45. We find no public interest in punishing a minor twice for the same offense. Thus, we find it was fundamental error to deny appellant Double Jeopardy protection.

■ When a defendant is convicted improperly for a lesser included offense, the proper remedy is to vacate both the conviction and sentence on the lesser included offense, leaving the conviction and sentence on the greater offense intact. *United States v. Devine,* 934 F.2d 1325, 1343 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 954, 117 L.Ed.2d 121 (1992); *United States v. Buckley,* 586 F.2d 498, 505 (5th Cir.1978), *cert. denied,* 440 U.S. 982, 99 S.Ct. 1792, 60 L.Ed.2d 242 (1979). Thus, we modify the disposition order by vacating appellant's conviction for the lesser included offense of sexual assault (vaginal).

A problem arises, however, in vacating appellant's sentence for sexual assault (vaginal). The disposition order committed

plied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182. Aggravated sexual assault requires proof that a person intentionally or knowingly causes the penetration of the female sexual organ of another person by any means without that person's consent if the person by acts or words places the victim in fear that death, serious bodily injury, or kidnapping will be imminently inflicted on any person. Tex.Penal Code Ann. § 22.021 (Vernon 1989). Robbery requires proof that a person intentionally or knowingly threatens or places another in fear of imminent bodily injury or death while in the course of unlawfully appropriating property with the intent of depriving the owner of property. Tex.Penal Code Ann. §§ 29.02, 31.03 (Ver-

non 1989). Each provision requires proof of an additional fact that the other does not: robbery requires theft while aggravated sexual assault requires proof of penetration of an organ.

Thus, according to a *Blockburger* analysis, robbery and aggravated sexual assault are two offenses for Double Jeopardy purposes.

7. Double Jeopardy guarantees, are not absolute and can be waived during adjudication. *See, e.g., Jeffers v. United States,* 432 U.S. 137, 153, 97 S.Ct. 2207, 2217–18, 53 L.Ed.2d 168 (1977) (Double Jeopardy protection waived when defendant expressly asked for separate trials on greater and lesser included offenses); *Ex parte Rogers,* 804 S.W.2d 945, 947 (Tex.App.—Dallas 1990, no writ) (Double Jeopardy protection can be waived by consenting to mistrial before jury's verdict rendered).

appellant to the Texas Youth Commission for an indeterminate period of time not to exceed the time when he shall be 21 years of age. Consequently, a sentence was not adjudged for each penal offense of which appellant was found guilty.

Appellant's sentence is unique to juvenile delinquency proceedings. Unlike an adult criminal trial, juvenile delinquents are not sentenced to a determinate period of confinement depending upon the crime committed. Instead, at a disposition hearing, the juvenile court must decide whether the child is in need of rehabilitation or the protection of the public or the child requires that disposition be made. TEX.FAM. CODE ANN. § 54.04(c) (Vernon Supp.1993). If the court finds in the negative, the court must dismiss the child and enter a final judgment without any disposition. TEX. FAM.CODE ANN. § 54.04(c) (Vernon Supp. 1993). If the court finds affirmatively, the court may either put the child on probation or confine him to the Texas Youth Commission, or, under some conditions, transfer him to the Texas Department of Criminal Justice. TEX.FAM.CODE ANN. § 54.04(d) (Vernon Supp.1993). At the disposition hearing, the juvenile court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses. TEX.FAM.CODE ANN. § 54.04(b) (Vernon Supp.1993).

▬▬ It is impossible to tell from the face of the record whether appellant was punished twice for the same offense. It is possible that the indeterminate sentence is longer than it would have been had the sexual assault finding been stricken since it appeared appellant was guilty of one more crime. Alternatively, appellant may not have been harmed since: (1) the Texas

Youth Commission can release appellant anytime prior to age twenty-one; and (2) the sentence could have reflected the length of rehabilitation needed rather than the number of crimes committed. Thus, he may not have been sentenced twice for the same crime.

While it is impossible to tell whether appellant was harmed, this court will err on the side of caution since a fundamental right is at issue. A remand [8] of the disposition hearing is required so that the juvenile court can sentence appellant [9] according to our holding that vacates the sexual assault (vaginal) conviction.[10]

▬▬ Appellant is presently 17 years of age. The question exists whether the juvenile court still has jurisdiction, thereby making remand proper. Authority exists that an appellate court may not remand for a new adjudication hearing for persons who are seventeen years of age and older because the juvenile court has no such jurisdiction. *See State v. Casanova,* 494 S.W.2d 812, 813 (Tex.1973); *Carrillo v. State,* 480 S.W.2d 612, 618 (Tex.1972). The case at hand is distinguishable, however. This court modifies the delinquency adjudication by vacating the sexual assault finding. The delinquency adjudication, however, is separate from the disposition hearing, of which we remand. TEX.FAM.CODE ANN. § 54.04(a) (Vernon Supp.1993).

Further, the Family Code gives the juvenile court jurisdiction to hold another disposition hearing. Title 3 defines a child as a person who is:

(A) ten years of age or older and under 17 years of age; or

(B) seventeen years of age or older and under 18 years of age who is alleged or

8. This court has the authority to reverse or modify an order of disposition or modified order of disposition while affirming the juvenile court adjudication that the child engaged in delinquent conduct or conduct indicating a need for supervision. TEX.FAM.CODE ANN. § 56.-01(i) (Vernon 1975).

9. A disposition based solely on a finding that the child engaged in conduct indicating a need for supervision may not be modified to commit the child to the Texas Youth Commission. A new

finding in compliance with Section 54.03 of this code must be made that the child engaged in delinquent conduct as defined in Section 51.-03(a) of this code. TEX.FAM.CODE ANN. § 54.05(g) (Vernon 1975).

10. We can remand the disposition hearing since it is separate, distinct, and subsequent to the adjudication hearing. *See* TEX.FAM.CODE ANN. § 54.04(a) (Vernon Supp.1993).

found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age.

TEX.FAM.CODE ANN. § 51.02(1) (Vernon 1975). Continued jurisdiction of the court is defined as follows:

This title covers the proceedings in all cases involving the delinquent conduct or conduct indicating a need for supervision engaged in by a person who was a child within the meaning of this title at the time he engaged in the conduct, and the juvenile court has exclusive original jurisdiction over proceedings under this title.

See TEX.FAM.CODE ANN. § 51.04(a) (Vernon 1975). Thus, the Family Code, through its definition of child, gives the juvenile court jurisdiction over appellant since the delinquency finding, which was made before appellant was 17, has been merely modified.

We hold that this court has authority to remand the disposition hearing to the juvenile court who has continued jurisdiction over appellant.

## CHARGE OF THE COURT

In his fourth point of error, appellant alleges the trial court erred by submitting to the jury a charge of the court that misstated the law, was unfair, prejudicial, and confusing.

■■■■■ The requirements governing an appeal to this court from an order of a juvenile court are as in civil cases generally. TEX.FAM.CODE ANN. § 56.01(b) (Vernon 1975). A brief of the argument must include: (1) a fair, condensed statement of the facts pertinent to such points, with reference to the pages in the record where the same may be found; and (2) such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue. TEX.R.APP.P. 74(f). If complaint is made of any part of the charge given or refused, such part of the charge shall be set out in full. TEX.R.APP.P. 74(f).

■■■ In his brief, appellant states, "The charge is overly lengthy, difficult to read, and confusing." Appellant, however, does not explain how the charge is difficult to read or how it is confusing, and does not set out the parts of the charge to support his contention. Thus, we do not consider appellant's contention of an "overly lengthy, difficult to read, and confusing" charge. See Beaty v. Bales, 677 S.W.2d 750, 758 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.); Golden Villa Nursing Home, Inc. v. Smith, 674 S.W.2d 343, 351 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

Appellant does, however, direct this court to an alleged misstatement of the law in the charge of the court. As alleged by appellant, the trial court charged appellant with sexual assault (oral) but did not address the issue of lack of consent by the complainant. Appellant's attorney preserved error by requesting an instruction on consent in regard to the sexual assault.

Paragraph IV. of the charge applied the law as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 25th day of September, A.D., 1990 in Bexar County, Texas, the respondent, [G.A.O.], a child over the age of ten (10) years and under the age of seventeen (17) years at the time of the commission of the offense, as alleged in the Petition, did intentionally or knowingly cause the penetration of the mouth of [complainant], not the spouse of the said respondent, by the sexual organ of the said respondent you will find the respondent did engage in delinquent conduct by committing sexual assault upon [complainant].

If you find from the evidence beyond a reasonable doubt that on the occasion, and at the time and place alleged, the respondent did cause the penetration of the mouth of [complainant] by inserting his sexual organ therein, but you further find that respondent did not compel [complainant] to submit or participate in the act by threatening to use force or violence against [complainant], then you will find the respondent did not engage in

delinquent conduct by committing sexual assault.

Paragraph I defines consent as:

The sexual assault is without the consent of the other person if the actor compels the other person to submit or participate by the use of physical force or violence; or the actor compels the other person to submit or participate by threatening to use force or violence against the person and the other person believes that the actor has the present ability to execute the threat.

■ The cited portion of Paragraph IV does not address consent in the first paragraph. In the following paragraph the charge attempts to negate this omission by stating appellant is not guilty of sexual assault if consent is found. Lack of consent is an element of a sexual assault offense. *See* TEX.PENAL CODE ANN. § 22.011 (Vernon Supp.1993). We find that it was error not to include the element of consent in the first paragraph of the cited portion of Paragraph IV in the court's charge.

The requirements governing an appeal to this court from an order of a juvenile court are as in civil cases generally. TEX.FAM. CODE ANN. § 56.01(b) (Vernon 1975). No judgment in civil cases shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court. TEX. R.APP.P. 81(b)(1); *In re S.B.C.*, 805 S.W.2d 1, 8 (Tex.App.—Tyler 1991, writ denied).

■ We find that the court's error was not a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment because the jury found appellant not guilty of sexual assault (oral).

Appellant's fourth point of error is overruled.

The case is remanded to the juvenile court for a new disposition hearing in accordance with the modified adjudication order.