TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00523-CV







In the Matter of C. P.








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-14,608, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 Upon a jury's verdict, the trial court determined that C. P., a minor, engaged in
delinquent conduct by committing the offenses of aggravated sexual assault, indecency with a
child by contact, and indecency with a child by exposure. See Tex. Penal Code Ann.
§§ 22.021, 21.11 (West 1994 & Supp. 1996). After a separate hearing, the court ordered
C. P. committed for an indefinite period to the care, custody, and control of the Texas Youth
Commission. See Tex. Fam. Code Ann. §§ 51.03, 54.04 (West 1996). C. P. appeals. We
will modify the adjudication order, affirm it as modified, and affirm the disposition order.



THE CONTROVERSY

 The State concedes C. P.'s points of error contending the adjudication order was
erroneous with respect to the two indecency-with-a-child offenses, which under the circumstances
of the case were lesser-included offenses of aggravated sexual assault. (1) See Parrish v. State, 869
S.W.2d 352, 354 (Tex. Crim. App. 1994). We therefore vacate the two indecency-with-a-child
adjudications and modify the adjudication order accordingly. See G.A.O. v. State, 854 S.W.2d
710, 715 (Tex. App.--San Antonio 1993, no writ). In ordering C. P. committed to the care,
custody, and control of the Commission for an indeterminate period, the disposition order does
not distinguish between the three offenses named in the adjudication order. (2) C. P. contends the
appellate record will not support a determination, beyond a reasonable doubt, that the two
adjudications of indecency-with-a-child made no contribution to the disposition ordered by the trial
court. See Tex. R. App. Proc. 81(b)(2). We must, he argues, reverse the disposition order and
remand the cause to the trial court for a new disposition hearing. We disagree that Rule 81(b)(2)
is the measure of our appellate review.



DISCUSSION AND HOLDINGS


 We hold the appeal is governed by Texas Rule of Appellate Procedure 81(b)(1),
a rule that applies in the appellate review of civil cases, and not by 81(b)(2) which governs
criminal-case appeals. See Tex. Fam. Code Ann. § 51.13 (juvenile-justice system is non-criminal
process); § 51.17 (rules of civil procedure govern juvenile-justice system except when in conflict
with Family Code); § 56.01 (appeals in juvenile-justice system are "as in civil cases generally")
(West 1996). Rule 81(b)(1) prohibits our reversing the disposition order unless we believe the
trial-court error respecting the two indecency-with-a-child offenses "amounted to such a denial
of the rights of the appellant as was reasonably calculated to cause and probably did cause
rendition of an improper [disposition order] or was such as probably prevented appellant from
making a proper presentation of the case" on appeal. Tex. R. App. P. 81(b)(1). We cannot
conclude as much from the appellate record.

 As required by section 54.04(f) of the Family Code, the trial judge set out in the
disposition order her reasons for assigning C. P. to the care, custody, and control of the
Commission. Those reasons were as follows: (1) C. P. will not accept parental supervision and
has demonstrated a disregard for all authority; (2) C. P. cannot receive at home the care, support,
and supervision necessary to meet any conditions of probation; (3) all reasonable efforts have been
made previously to make it possible for C. P. to return home and to remain there; (4) local
resources are inadequate to meet C. P.'s needs and to protect the public; and (5) C. P.'s best
interest and that of the public require that he be assigned to the Commission. The evidence
justifies these trial-court findings. (3) They cannot reasonably be viewed as dependent in any degree
upon the two indecency-with-a-child offenses which were erroneously carved from the same
episode in which the aggravated sexual assault occurred. Accordingly, we may not say the
carving error probably caused rendition of an improper disposition order or prevented a proper
appeal.

 For the reasons given, we modify the adjudication order to vacate the two
indecency-with-a-child offenses, affirm that order as modified, and affirm the disposition order.


 John Powers, Justice

Before Justices Powers, Jones and B. A. Smith

Modified and, as Modified, Affirmed


Filed: June 19, 1996


Publish 
1. C. P. does not challenge the sufficiency of the evidence concerning the offense of
aggravated sexual assault.
2. The trial judge was free, in her discretion, to order C. P. placed on probation in his
home or outside his home, or to assign him to the care, custody, and control of the Texas
Youth Commission for a determinate or an indeterminate period ending before his
twenty-first birthday. See Tex. Fam. Code Ann. § 54.04(d)(2) (West 1996). The trial judge
chose an indeterminate period in the Commission, the actual length of which will depend upon
C. P.'s behavior or progress in that institution. C. P. was fifteen years of age when the
disposition was ordered.
3. The evidence showed that C. P. had physical altercations with some 75 children and
ten adults before the disposition hearing. While detained at a juvenile facility in the
present case, he threatened to kill staff members. A social worker and licensed "clinical
practitioner" testified that C. P. suffers in her opinion from a "severe explosive disorder"
that would make him ineligible for in-patient sex-offender treatment at her facility; other
evidence showed that C. P. could probably not receive treatment at another such facility. 
Like C. P., his family deny that he sexually assaulted the infant left in his care, making it
unlikely that assigning him to the care, custody, and control of his family would change
his behavior. Other evidence showed affirmatively that he required the regimented
guidance and psychological counseling provided by the Texas Youth Commission.