*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00096-CV

**IN THE MATTER OF L.M.J.**, a Juvenile

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-JUV-01908
Honorable Laura L. Parker, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Catherine Stone, Chief Justice
    Phylis J. Speedlin, Justice
    Steven C. Hilbig, Justice

Delivered and Filed:    September 2, 2009

AFFIRMED AS MODIFIED

L.M.J. was adjudicated as having engaged in delinquent conduct, namely, terroristic threats, and placed on probation in the custody of her mother for a period of nine months. Pursuant to an original motion to modify disposition, the court found that L.M.J. had violated conditions of her probation, but continued her on probation in the custody of her mother and extended the term for three months. Following L.M.J.'s plea of true to a second motion to modify disposition based on violations of the conditions of probation, the court modified L.M.J.'s disposition, extending the term of probation for 18 months and placing L.M.J. in the custody of the Chief Juvenile Probation Officer of Bexar County for purposes of placement outside the home.

On appeal, L.M.J. challenges the trial court's finding in its January 6, 2009 order of disposition that she is responsible for her own support and its order that she pay court costs and supervisory fees, plus $100 for reimbursement of court-appointed attorney's fees. The State concedes that the trial court had previously found that L.M.J.'s mother was the person responsible for her support, both at the time of original disposition and on the original motion to modify disposition. L.M.J. asserts, and the State agrees, that there is nothing in the record to show any change in L.M.J.'s support status and thus nothing to support the findings in the January 6, 2009 order that L.M.J. is the person responsible for her support and is able to pay court costs, supervisory fees, and attorney's fees. Based on that premise, the State further concedes that the court's order that L.M.J. must reimburse the county for payments made to her court-appointed counsel was not authorized under section 51.10(k) of the Texas Family Code. TEX. FAM. CODE ANN. § 51.10(k) (Vernon 2008).

Based on our review of the record, we agree that there is nothing in the record to support the findings in the January 6, 2009 disposition order that L.M.J. is the person responsible for her support and is able to pay court costs, supervisory fees, and attorney's fees; therefore, it was an abuse of discretion to order that L.M.J. herself pay court costs and supervisory fees, plus $100 in attorney's fees. Accordingly, we modify the January 6, 2009 disposition order to provide that L.M.J.'s mother, L.J., is the person responsible for her support and to order L.M.J.'s mother, L.J., to pay the court costs and supervisory fees and to reimburse the county $100 for court-appointed counsel. *See* TEX. FAM. CODE ANN. § 56.01(i) (Vernon 2008); *see also G.A.O. v. State*, 854 S.W.2d 710, 716 n.8 (Tex. App.—San Antonio 1993, no writ). As modified, the trial court's disposition order is affirmed.

Phylis J. Speedlin, Justice