ACCEPTED
07-14-00417-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
10/20/2015 6:54:02 PM
Vivian Long, Clerk

**No. 07-14-00417-CR**

IN THE COURT OF APPEALS FOR
THE SEVENTH COURT OF APPEALS DISTRICT
AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
10/20/2015 6:54:02 PM
VIVIAN LONG
CLERK

**FERNANDO HERNANDEZ, JR. A/K/A FERNANDO JUNIOR HERNANDEZ,**

**Appellant**

**V.**

**THE STATE OF TEXAS,**

**Appellee**

APPELLANT'S BRIEF

On Appeal from the 69th Judicial District Court
Of Moore County, Texas,
Trial Court Cause No. 5056

Erin Lands
State Bar No. 24078822
Salley & Lands, Attorneys at Law
102 East Seventh Street, Suite B
P.O. Box 974
Dumas, Texas 79029
Telephone: (806) 934-3185
Fax: (806) 553-3771
erin@lands-lawoffice.net
*Attorney for Appellant*

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF THE PARTIES AND COUNSEL

Appellant, Pursuant to Rule of Appellate Procedure 31.1(a), provides the following list of all parties to the trial court's judgment and the names and addresses of all appellate counsel.

Fernando Hernandez, Jr. (a.k.a. Fernando Junior Hernandez)                    Appellant


Amy Browning                                                      Trial Counsel for Appellant
Law Office of Jerod Pingelton
609 South Bliss Avenue
P.O. Box 636
Dumas, Texas 79029


Erin Lands                                                        Appellate Counsel for Appellant
Salley & Lands, Attorneys at Law
102 East Seventh Street, Suite B
P.O. Box 974
Dumas, Texas 79029


Larry Fadler                                                      Trial Counsel for the State
Assistant District Attorney, 69th Judicial District
715 South Dumas Avenue, Room 304
Dumas, Texas 79029


Larry Fadler                                                      Appellate Counsel for the State
Assistant District Attorney, 69th Judicial District
David Green
District Attorney, 69th Judicial District
715 South Dumas Avenue, Room 304
Dumas, Texas 79029

**TABLE OF CONTENTS**

Identity of Parties and Counsel…………………………………………...…………2

Index of Authorities………………………………………………….…………...4

Statement of the Case……………………………………………….……5

Statement Regarding Oral Argument…………………………………….……6

Issues Presented…………………………………………………...….……7

> **ISSUE ONE: FUNDAMENTAL ERROR OCCURRED WHEN, PURSUANT TO AN OFF-THE-RECORD PRETRIAL AGREEMENT BETWEEN THE STATE AND DEFENSE COUNSEL, STATE'S EXHIBITS ONE THROUGH FIFTEEN WERE ADMITTED INTO EVIDENCE. DEFENDANT DID NOT EXPRESSLY APPROVE THIS AGREEMENT…………………………………………………...7,13**

> **ISSUE TWO: FUNDAMENTAL ERROR OCCURRED WHEN EXTRANEOUS OFFENSES WERE ADMITTED INTO EVIDENCE BECAUSE THEY WERE NOT PROVEN BEYOND A REASONABLE DOUBT…………………………………………………….……7,18**

> **ISSUE THREE: THE FUNDAMENTAL ERROR IN THIS CASE IS SUBJECT TO HARMLESS ERROR REVIEW. THE ERROR WAS HARMFUL AND CONTRIBUTED TO THE PUNISHMENT BY RAISING IT FIVE YEARS ABOVE THE STATE'S RECOMMENDATION TO THE COURT……………………………...……7,20**

Statement of Facts………………………………………………….…...8

Summary of the Argument…………………………………………..…………10

Argument…………………………………………………….…………12

Prayer…………………………………………………….…………23

Certificate of Service………………………………………………...…….23

# INDEX OF AUTHORITIES

## United States Constitution

U.S. CONST. AMEND. VI………………………………………..………………14, 17

U.S. CONST. AMEND. XIV……………………………………………….…………14

## Texas Statutes

TEX. R. APP. PROC. 33.1…………………………………...………………12

TEX. R. APP. PROC. 44.2(a)……………………………………………10, 13, 20

TEX. CODE CRIM. PROC. Art. 1.05…………………………………………17

TEX. CODE CRIM. PROC. 37.07 §3(a)(1)………………………………………18

TEX. R. EVID. 103(d)…………………………………….……...……10, 13, 17

TEX. R. EVID. 403…………………………………………….………………18

## Federal Cases

*Boykin v. Alabama*, 395 U.S. 238 (1969)………………………………….………14

*Brookhart v. Janis,* 304 U.S. 1 (1996)…………………………………..………14

*Crawford v. Washington*, 531 U.S. 36 (2004)…….…………………..………14

*Johnson v. Zerbst*, 304 U.S. 458 (1938)…………………………………………14

*Pointer v. Texas*, 380 U.S. 400 (1965)………………………………….………14

*Stringer v. State*, 241 S.W.3d 52 (Tex.Crim.App. 2007)……………………..………14

## Texas Cases

*Grado v. State,* 445 S.W.3d 736 (Tex.Crim.App. 2014)………………….……12

*In re G.A.O. v. State*, 854 S.W.2d 710 (Tex.App. – San Antonio 1993)……..……13

*Marin v. State*, 851 S.W.2d 275, 278 (Tex.Crim.App. 1993)……………...……12

*Scott v. State*, 227 S.W.3d 670 (Tex.Crim.App. 2007)…………………….……20

*Smith v. State*, 961 S.W.2d 501 (Tex.App. – San Antonio 1997, no pet.)………....13

## STATEMENT OF THE CASE

Appellant was charged by indictment with Intoxication Manslaughter and Failing to Render Aid After an Accident Involving Personal Injury or Death for an offense alleged to have occurred on February 2, 2014. (1 C.R. at 5). Both charges were second degree felonies enhanced to first degree felonies. (1 C.R. at 5).

On November 3, 2014, Appellant pleaded guilty to both offenses and pleaded true to the enhancement paragraph. (1 C.R. at 6, 8). Appellant pleaded guilty without a plea bargain agreement with the State. (1 C.R. at 6). Further, Appellant acknowledged his understanding that the Court was free to assess Appellant's punishment within the limits provided by law. (1 C.R. at 6; Supp. R.R. at 6). The range of punishment announced by the trial court was five to ninety-nine years or life and a fine of up to $10,000. (Supp. R.R. at 6).

A sentencing hearing in front of the trial court judge was held on November 19, 2014. (2 R.R. at 1). The trial court judge assessed Appellant's punishment at forty-five years' confinement in the institutional division. (2 R.R. at 128). Appellant gave notice of appeal at the sentencing hearing. (2 R.R. at 129).

Appellant's trial counsel served as his first appellate counsel. (1 C.R. at 25). This Court granted trial counsel's motion to withdraw, abated the appeal, and remanded the cause to the trial court.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument in this matter. Oral argument will aid the Court's decision-making process in this appeal. Fundamental error occurred when Appellant's constitutional rights were infringed. This Court will review the error and assess a harmless error analysis.

## ISSUES PRESENTED

**ISSUE ONE: FUNDAMENTAL ERROR OCCURRED WHEN, PURSUANT TO AN OFF-THE-RECORD PRETRIAL AGREEMENT BETWEEN THE STATE AND DEFENSE COUNSEL, STATE'S EXHIBITS ONE THROUGH FIFTEEN WERE ADMITTED INTO EVIDENCE. DEFENDANT DID NOT EXPRESSLY APPROVE THIS AGREEMENT.**

**ISSUE TWO: FUNDAMENTAL ERROR OCCURRED WHEN EXTRANEOUS OFFENSES WERE ADMITTED INTO EVIDENCE BECAUSE THEY WERE NOT PROVEN BEYOND A REASONABLE DOUBT.**

**ISSUE THREE: THE FUNDAMENTAL ERROR IN THIS CASE IS SUBJECT TO HARMLESS ERROR REVIEW. THE ERROR CONTRIBUTED TO THE PUNISHMENT BY RAISING IT FIVE YEARS ABOVE THE STATE'S RECOMMENDATION TO THE COURT.**

## STATEMENT OF FACTS

TO THE HONORABLE COURT OF APPEALS:

Defendant was indicted for Intoxication Manslaughter and Accident Involving Personal Injury or Death Where Driver Failed to Render Aid. (1 C.R. at 5).

Defendant pleaded guilty to both charges, each enhanced to a first degree felony. (1 C.R. at 6, 8). The State and Defendant had not entered into a plea bargain agreement. (1 C.R. at 6).

On November 19, 2014, the trial court heard evidence at the sentencing hearing for Defendant. (2 R.R. at 1). The State announced a pretrial agreement was reached between the State and defense counsel regarding the admission of State's evidence. (2 R.R. at 6, 8). The State admitted, pursuant to the agreement, Trooper Wade's offense report, the crash report, Moore County blood reports, autopsy report, Ranger Ditto's report, indictment in the case, and ten photographs. (2 R.R. at 7-8). This evidence was admitted as State's Exhibit 1 through 15. (3 R.R. Exhibits 1-15). None of the witnesses who prepared the reports or photographs were called to testify. (2 R.R. at 8).

The State also called two witnesses, Stephanie Blake and Esperanza Escobar, to testify. (2 R.R. at 26, 38). Stephanie Blake testified Defendant was the father of her six year old, and that she conceived the child before turning seventeen years old. (2 R.R. at 27-28). No other evidence was presented to corroborate this

8

testimony. Esperanza Escobar was called to testify regarding an incident with her foot and ear. (2 R.R. at 48). No witnesses were called to impeach her.

The State recommended a sentence of forty years confinement. (2 R.R. at 124). The trial judge assessed a sentence of forty-five years confinement. (2 R.R. at 128).

## SUMMARY OF ARGUMENT

The trial court committed fundamental error. The Texas Rules of Evidence further contemplates fundamental error in criminal cases and, in Rule 103(d), states nothing in the Rules prevents "notice of fundamental errors affecting substantial rights although they were not brought to the attention of the court." TEX. R. EVID. 103(d). If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse the punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the punishment. TEX. R. APP. PROC. 44.2(a).

The State and defense counsel admitted evidence that would otherwise be inadmissible without the witness' presence through a "pretrial agreement" between the attorneys. The evidence admitted was in violation of Appellant's right to confront the witnesses against him and the right to compulsory process. The agreement was never expressly approved by Appellant. Additionally, Appellant never expressly, intelligently, and voluntarily waived these rights on the record.

Furthermore, extraneous offenses were admitted into evidence that were not proved beyond a reasonable doubt.

Given that fundamental error occurred, the State's evidence cannot pass harmless error review. The State's recommendation was forty years confinement.

Ultimately, the trial court sentenced Appellant to forty-five years confinement after the evidence was presented.

## ARGUMENT

## <u>Preservation of Error</u>

Generally, an objection must be made to preserve error for appeal. (TEX. R. APP. PROC. 33.1). However, this rule is not absolute. *Grado v. State*, 445 S.W.3d 736, 739 (Tex.Crim.App. 2014). The Court of Criminal Appeals in *Marin* held the preservation requirement turns on the nature of the right infringed. *Id*. citing *Marin v. State*, 851 S.W.2d 275, 278 (Tex.Crim.App. 1993). A defendant's rights can be separated into three categories:

> (1) "absolute rights" are those considered so fundamental to the proper functioning of the adjudicatory process that they cannot be forfeited by inaction alone;
> (2) rights that are "not forfeitable" that cannot be surrendered by mere inaction but "waivable" if the waiver is affirmatively, plainly, freely, and intelligently made." The trial judge has an independent duty to implement these rights absent any request unless there is an effective express waiver"; and
> (3) "forfeitable" rights are those that must be requested by the litigant and can be forfeited by inaction.
> *Grado*, 445 S.W.3d at 739; *Marin*, 851 S.W.2d at 278-79.

Rule 33.1's preservation requirements do not apply to the rights in the first two categories. *Grado*, 445 S.W.3d at 739.

## <u>Fundamental Error and Substantial Rights</u>

The Texas Rules of Evidence further contemplates fundamental error in criminal cases and, in Rule 103(d), states nothing in the Rules prevents "notice of

fundamental errors affecting substantial rights although they were not brought to the attention of the court." TEX. R. EVID. 103(d).

## Reversible Error in Criminal Cases

If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse the punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the punishment. TEX. R. APP. PROC. 44.2(a).

## Standard of Review

A reviewing court may take notice of fundamental errors affecting substantial rights even if the errors were not preserved at trial. TEX. R. EVID. 103(d). Fundamental error is error that directly and adversely affects the interest of the public generally, as such interest is declared in statutes or the constitution of the State. *In re G.A.O. v. State*, 854 S.W.2d 710, 715 (Tex.App. – San Antonio 1993, no pet.). If the trial court errs in admitting the evidence, the error will be fundamental when it has caused the defendant's trial to be fundamentally unfair. *Smith v. State*, 961 S.W.2d 501, 505-06 (Tex. App. – San Antonio 1997, no pet.).

## Analysis

A.    **FUNDAMENTAL ERROR OCCURRED WHEN, PURSUANT TO AN OFF-THE-RECORD PRETRIAL AGREEMENT BETWEEN THE STATE AND DEFENSE COUNSEL, STATE'S EXHIBITS ONE THROUGH FIFTEEN WERE ADMITTED INTO EVIDENCE.**

**DEFENDANT DID NOT EXPRESSLY APPROVE THIS AGREEMENT.**

The Sixth Amendment's Confrontation Clause provides that, "in all criminal prosecutions, the accused shall enjoy the right…to be confronted with the witnesses against him." U.S. CONST. amend. VI; *Crawford v. Washington*, 541 U.S. 36, 42 (2004). The constitutional guarantee applies to both federal and state criminal prosecutions. U.S. CONST. amend. XIV; *Pointer v. Texas*, 380 U.S. 400, 406 (1965). The Confrontation Clause prohibits the admission of testimonial statements unless the declarant is unavailable to testify and the accused had a prior opportunity for cross-examination. *Crawford*, 541 U.S. at 68-69. The right to confront and cross-examine witnesses may be waived, but the United States Supreme Court has made clear that we must "indulge every reasonable presumption against waiver of fundamental constitutional rights…" *Brookhart v. Janis*, 304 U.S. 1, 4 (1996); *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938).

A waiver of the right to confront and cross-examine witnesses will not be presumed from a silent record. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Therefore, for a waiver to be effective, "it must be clearly established that there was an intentional relinquishment or abandonment of a known right or privilege." *Brookhart*, 384 U.S. at 4 (quoting *Zerbst*, 304 U.S. at 464); *Stringer v. State*, 241 S.W.3d 52 (Tex.Crim.App. 2007).

At the sentencing hearing, the State referenced a pretrial agreement, which included the admission of fifteen exhibits, State's Exhibits 1 through 15. (2 R.R. at 6, 7-8). It appears the agreement was that, in exchange for the admission of the State's exhibits, Defendant was allowed to admit witness letters on his behalf without objection from the State. (2 R.R. at 122). The evidence admitted pursuant to the agreement was the following:

1. Trooper's offense report;
2. Crash report;
3. Defendant's blood records;
4. Victim's autopsy report;
5. Ranger's report;
6. Indictment;
7. Crash scene photograph;
8. Crash scene photograph;
9. Victim's "lifeless body" photograph;
10. Victim's "lifeless body" photograph;
11. Victim's blood splatter photograph;
12. Accident photograph;
13. Accident photograph;
14. Accident photograph with beer case;
15. Shattered glass and beer photograph.

(2 R.R. at 7-8; 3 R.R. State's Exhibits 1-15).

State's Exhibit 1, Trooper Wade's offense report, includes nine pages of substance. (3 R.R. Exhibit 1). Trooper Wade's report includes statements from other troopers, a Sheriff's Deputy, witnesses, Texas Ranger Ditto, and highlighted statements made by Defendant. (3 R.R. Exhibit 1). Additionally, an affidavit from the custodian of medical records and a supplement produced by Trooper Wade

15

were attached as Trooper Wade's offense report. (3 R.R. Exhibit 1). State's Exhibit 2 included Trooper Wade's crash report, which provided an investigator's narrative of what happened and the resulting charges. (3 R.R. Exhibit 2). Trooper Wade was not called as a witness. (2 R.R. at 2).

State's Exhibit 3 is the pathology report. (3 R.R. Exhibit 3). It is unclear who created the report, as Dr. Michael Sennett and Charles Addington's names are included in the report. (3 R.R. Exhibit 3). This exhibit includes an accounting of references and units with no explanation of the readings. (3 R.R. Exhibit 3). The report does include, however, a positive reading for cocaine and amphetamine, presumably from Defendant's blood, as the report reads "Fernando Hernandez". (3 R.R. Exhibit 3). Neither Dr. Michael Sennett nor Charles Addington were called as witnesses. (2 R.R. at 2).

State's Exhibit 4, the autopsy report prepared by Dr. Thomas Parsons, includes the "cause of death" and a reasoning, "motor vehicle mishap", while providing a list of the doctor's medical findings and a comprehensive examination report. (3 R.R. Exhibit 4). Dr. Parsons was not called as a witness. (2 R.R. at 2).

State's Exhibit 5 included Ranger Ditto's investigation report. (3 R.R. Exhibit 5). Similar to Trooper Wade's report, Ranger Ditto's report included hearsay statements from other troopers and witnesses, his assessment of the accident, a summary of the Defendant's statement, what appears to be Ranger

16

Ditto's handwritten notes, and a piece of paper with a drawing stating "drawn by Fernando Hernandez, Jr.". (3 R.R. Exhibit 5). Ranger Ditto was not called as a witness. (2 R.R. at 2).

State's Exhibit 7 through 15 are photographs, presumably from the accident and of the victim. (2 R.R. at 7-8). No witnesses were called to provide the foundation to prove the photographs into evidence. (2 R.R. at 2).

Absent from the record is Defendant's express, voluntary, intelligent waiver of the Confrontation Clause or any express approval of the pretrial agreement reached between counsel for the defense and the State. This error is the fundamental error contemplated in Rule 103(d). TEX. R. EVID. 103(d). The error affects Defendant's substantial, constitutional right to confront the witnesses against him. U.S. CONST. amend. VI. TEX. CODE CRIM. PROC. Art. 1.05. Defense counsel cannot waive this right without express of approval of Defendant. Further, defense counsel stated the exchange was because certain defense witnesses could not be present at the hearing. (2 R.R. at 122). Defendant is entitled to compulsory process for obtaining witnesses in his favor. TEX. CODE CRIM. PROC. Art. 1.05. Also absent from the record is Defendant's acknowledgement of this right or the express waiver of this right.

This error is precisely the fundamental error affecting a substantial, and constitutional, right protected by the U.S. Constitution, Texas Rules of Evidence,

Texas Rules of Appellate Procedure, and Texas Code of Criminal Procedure. Nowhere in the record does Defendant provide an express, informed waiver of his constitutional right of confrontation. Therefore, fundamental error occurred when the State and defense counsel entered into an agreement, which waived Defendant's constitutional right to confront the witnesses against him, without his express waiver on the record.

**B. FUNDAMENTAL ERROR OCCURRED WHEN EXTRANEOUS OFFENSES WERE ADMITTED INTO EVIDENCE BECAUSE THEY WERE NOT PROVEN BEYOND A REASONABLE DOUBT.**

In any case, whether the punishment is to be assessed by the judge or jury, extraneous crimes or bad acts may be admitted into evidence if they are proven beyond a reasonable doubt to have been committed by the defendant or for which he could be held criminally responsible. TEX. CODE CRIM. PROC. 37.07 §3(a)(1). Additionally, even otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403.

Here, the State did not meet the burden of proving, beyond a reasonable doubt, the extraneous offense of assault on his wife, Esperanza Escobar. The State called Esperanza Escobar and asked "how many times has he hit you?" and "have you ever served him with a trespass warning?" (2 R.R. at 40). Ms. Escobar denied the occurrence of either. (2 R.R. at 40). The State further asked about an incident

where Ms. Escobar's foot was ran over and also inquired about a "gash" to her ear. (2 R.R. at 43, 45). Ms. Escobar denied any wrongdoing by Defendant. (2 R.R. at 43, 45).

The State proceeded to continually ask questions regarding this incident and attempted to impeach her by asking about her account versus what the police report stated regarding the incident. (2 R.R. at 47, 48). The State did not call any impeachment witnesses, including the police officers who created the reports, to testify against Ms. Escobar's account. Ms. Escobar repeatedly denied the police report account of the incident, including explicitly stating "he didn't ever hit me against the window." (2 R.R. at 48).

The State also introduced testimony of Stephanie Blake, the alleged mother of a son conceived when Defendant was twenty-four years old and Ms. Blake was sixteen years old. (2 R.R. at 27). Absent Ms. Blake's testimony, no other evidence was presented to show Defendant fathered the child or engaged in sexual conduct with someone under the age of seventeen years old. The State even seemed to acknowledge he was never prosecuted for this "crime" by asking if it would surprise Ms. Blake if he had not been. (2 R.R. at 28). Ms. Blake does state a genetic test was done and a child support order exists. (2 R.R. at 29). However, no test or order was admitted into evidence.

Therefore, fundamental error occurred when the State offered testimony regarding extraneous offenses but did not prove beyond a reasonable doubt. Ms. Escobar flatly denied any wrongdoing by Defendant and, absent Ms. Blake's testimony, no evidence was presented to confirm her allegations regarding an alleged incident occurring over six years ago. Neither extraneous offense should have been admitted.

### C. THE FUNDAMENTAL ERROR IN THIS CASE IS SUBJECT TO HARMLESS ERROR REVIEW. THE ERROR WAS HARMFUL AND CONTRIBUTED TO THE PUNISHMENT BY RAISING IT FIVE YEARS ABOVE THE STATE'S RECOMMENDATION TO THE COURT.

If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse the punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the punishment. TEX. R. APP. PROC. 44.2(a).

In determining specifically whether constitutional error under *Crawford* may be declared harmless beyond a reasonable doubt, the following factors are relevant: (1) how important the out-of-court statement to the State's case; (2) whether the out-of-court statement was cumulative of other evidence; (3) the presence or absence of evidence corroborating or contradicting the out-of-court statement on material points; and (4) the overall strength of the prosecution's case. *Scott v. State*, 227 S.W.3d 670, 690-91 (Tex.Crim.App. 2007).

Here, during closing argument, the State recommended a sentence of forty years confinement in the institutional division. (2 R.R. at 124, 127). Ultimately, the trial court sentenced Defendant to forty-five years in the institutional division. (2 R.R. at 128). The out-of-court statements were vital to the State's case. Almost fifty pages of reports, photographs and handwritten notes were admitted into evidence for the State. (3 R.R. Exhibits 1-15). The State did not call any witnesses that had personal knowledge of the accident, investigation, or autopsy. (2 R.R. at 2). Essentially, the bulk of the State's case on punishment was related to these reports and notes from witnesses unavailable to Defendant for cross-examination.

Additionally, the extraneous offenses admitted into evidence cannot be held to be found to be harmless. Ms. Escobar's testimony was, essentially, that the extraneous offense did not occur but she was "impeached" by questions regarding statements in an offense report. (2 R.R. at 47, 48).

Given the increased sentence above the State's recommendation and the lack of State's witnesses to prove up the bulk of its punishment evidence, it cannot be concluded, beyond a reasonable doubt that the error did not contribute to the punishment.

## CONCLUSION

Fundamental error occurred when the trial court admitted evidence through a pretrial agreement Appellant did not expressly enter into on the record. Appellant was not afforded the right to confront the witnesses against him. Further, extraneous offenses were entered into evidence without being proven beyond a reasonable doubt. The bulk of the State's case was the presentation of evidence through offense reports, medical reports, and other written documents without the witnesses being present. Appellant never expressly waived his right to confront these witnesses. Further, Appellant never expressly acknowledged he was advised of his right to compulsory process if that was, in fact, the basis for the pretrial agreement.

This error was not harmless. The State recommended to the court Appellant's punishment be assessed at forty years confinement. The trial court sentenced Appellant to forty-five years confinement in the institutional division.

**Prayer**

Wherefore, premises considered, Appellant Fernando Hernandez, Jr. asks the Court to reverse the punishment of forty-five years confinement in the institutional division and remand to the trial court.

Respectfully submitted,

/s/ Erin Lands
Erin Lands
SBOT # 24078822
Attorney for Appellant

Salley & Lands, Attorneys at Law
102 East Seventh Street, Suite B
P.O. Box 974
Dumas, Texas 79029
Telephone: (806) 934-3185
Fax: (806) 553-3771
E-mail: erin@lands-lawoffice.net

**Certificate of Compliance**

Pursuant to Texas Rules of Appellate Procedure, the undersigned hereby certifies that the number of words in the portion of the brief subject to TRAP Rule 9.4(i)(1) is 2,827.

/s/ Erin Lands
Erin Lands

**Certificate of Service**

The undersigned hereby certifies that a true and correct copy of this brief was served by electronic mail to counsel for the State, Mr. David Green, 715 South Dumas Avenue, Dumas, Texas 79029.

/s/ Erin Lands
Erin Lands